## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**GEORGIO RODRIGUEZ SCOTT**                                                                              **PLAINTIFF**

**v.**                                                               **CIVIL ACTION NO. 2:19-cv-123-TBM-MTP**

**BILLY McGEE; OFFICER #24 JUSTIN
GRAHAM; OFFICER #59 WILLIAM
BURDETTE;** *and* **FOREST COUNTY,
MISSISSIPPI**                                                                              **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

The *pro se* Plaintiff, Georgio Rodriguez Scott, filed suit against Sheriff Billy McGee, Forrest County, Mississippi ("Forrest County"), Officer Justin Graham, and Officer William Burdette for claims arising out of his pre-trial incarceration at the Forrest County Jail in 2019. The Plaintiff brought the instant case pursuant to 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." In his Complaint, and as clarified by his testimony at the *Spears* hearing,[1] the Plaintiff asserts excessive force claims against Officer William Burdette, verbal abuse claims against Officer Justin Graham, and claims against Forrest County concerning his meals, conditions of confinement, and access to the courts. This matter is now before the Court on the parties' objections to the Magistrate Judge's Report and Recommendation. As discussed below, the Report and Recommendation is adopted in part, but, in light of the Plaintiff's objections, the Court permits some of the Plaintiff's claims to move forward.

---

[1] In the Omnibus Order [48], the Magistrate Judge found that the Plaintiff's claims were limited to those identified and discussed at the hearing. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

## I. BACKGROUND AND PROCEDURAL HISTORY

The Plaintiff has several dietary restrictions arising out of his Muslim faith and being lactose intolerant. While housed at the Forrest County Jail as a pre-trial detainee, the Plaintiff would occasionally receive food items that contained pork or dairy products. While he was normally provided substitute food items to accommodate his dietary restrictions, the Plaintiff asserts that a single unnamed officer often refused to substitute the Plaintiff's meals that contained pork or dairy. On July 7, 2019, after arguing with an unnamed officer about the meal he was provided, the Plaintiff was ordered to return to his cell. He refused because he wanted to complain to the sergeant. Upon his refusal to willingly return to his cell, the Plaintiff alleges that one officer placed him in a headlock while three others restrained him. Once he was restrained, however, the Plaintiff claims that Officer William Burdette punched him in the face multiple times, resulting in black eyes and a scratch behind his ear. A few days later, on July 18, 2019, the Plaintiff asserts that Officer Justin Graham verbally harassed him.

The Plaintiff also asserts several claims against Forrest County relating to the conditions of his confinement. During his eleven-month incarceration at the Forrest County Jail, the Plaintiff claims that while he was allowed time out of his cell for showers, he was often denied an hour of recreation. He also claims that he was deprived of a sleeping mat for nearly a week. The Plaintiff further asserts that he did not have running water in his cell for four days, which resulted in a dirty cell, dehydration, and fatigue.

Finally, the Plaintiff alleges that the law library at the jail had outdated materials. He claims that he dismissed his criminal defense counsel and did not know the proper format for the filings in his criminal case since the law library did not have the Mississippi Rules of Criminal Procedure.

On July 1, 2021, the Defendants filed their Motion for Summary Judgment [64] seeking dismissal of the Plaintiff's claims. The Defendants argue that because the Plaintiff failed to comply with the grievance policy at the jail, his claims against Officer Graham and Officer Burdette must be dismissed pursuant to the Prison Litigation Reform Act for failure to exhaust his administrative remedies. The Defendants also assert that the individual Defendants are entitled to qualified immunity.

On December 30, 2021, United States Magistrate Judge Michael T. Parker entered a Report and Recommendation [68] recommending that the Defendants' Motion for Summary Judgment be granted in part and denied in part. Specifically, Magistrate Judge Parker recommends that the Defendants' Motion be granted as to the Plaintiff's claims against Forrest County, Mississippi and Officer Justin Graham.[2] Magistrate Judge Parker further recommends that the Defendants' Motion be denied insofar as the Plaintiff failed to exhaust his administrative remedies. Magistrate Judge Parker found genuine issues of material fact because the Defendants failed to submit evidence that a grievance policy existed or was in force and how it operated. Finally, Magistrate Judge Parker recommends that the Defendants' Motion be denied as to the Plaintiff's excessive force claim against Officer William Burdette.

## II. STANDARD OF REVIEW

Summary judgment is warranted under Federal Rule of Civil Procedure 56(a) when evidence reveals no genuine dispute regarding any material fact and the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate

---

[2] Magistrate Judge Parker found that even if the Plaintiff did exhaust his administrative remedies as to the verbal abuse claim against Officer Graham, his claims are insufficient to present an actionable claim under Section 1983.

time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little*, 37 F.3d at 1075; *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

### III. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), objections to a Report and Recommendation must be filed within fourteen days. It is well-settled that "[p]arties filing objections must specifically identify those findings objected to." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (alteration in original) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). The

4

Court must review any objected-to portions of a report and recommendation *de novo*. Such a review means that the Court will consider the record that has been developed before the Magistrate Judge and make its own determination on the basis of that record. *United States v. Raddatz*, 447 U.S. 667, 675, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980). The Court need not consider frivolous, conclusive, or general objections. *Johansson v. King*, No. 5:14-cv-96-DCB, 2015 WL 5089782, at *2 (S.D. Miss. Aug. 27, 2015) (citing *Battle*, 834 F.2d at 421). Additionally, "[m]erely reurging the allegations in the petition . . . is insufficient to receive *de novo* review." *Id.* When a *de novo* review is not warranted, the Court need only review the findings and recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

The parties have each filed objections to the Report and Recommendation. Officer Burdette seeks to introduce additional evidence to rebut the finding that there is a genuine issue of material fact as to the existence of a grievance policy at Forrest County Jail. The Plaintiff objects to the findings within the Report and Recommendation concerning the law library, food substitutions, and deprivation of water claims. The Plaintiff does not object to the findings in the Report and Recommendation related to his verbal abuse claim against Officer Graham, deprivation of a sleeping mat, or denial of recreation. This Order focuses only on the portions in which the parties have raised objections, as the Court has reviewed the remainder of the Report (*i.e.*, the portions not objected to) and has found it is neither clearly erroneous nor contrary to law. *See* 28 U.S.C. § 636(b)(1).

**A. Officer Burdette's Objection and Request to Submit Additional Evidence**

The Defendants argue in their Motion for Summary Judgment that the Plaintiff failed to exhaust his administrative remedies as to his verbal abuse claim against Officer Graham and excessive force claim against Officer Burdette. The Defendants assert that inmates at Forrest County Jail are required to follow the grievance policy in order to exhaust their administrative remedies. Despite Plaintiff filing multiple grievances, the Defendants submit that the Plaintiff failed to fully comply with the grievance policy in place and, therefore, failed to exhaust his administrative remedies.

In the Report and Recommendation, the Magistrate Judge found that the "Defendants did not submit a copy of the jail's grievance policy or an affidavit setting forth the procedure. Instead, Defendants cite other cases in this Court indicating that the jail had an administrative remedies program in place during 2019." [68], pg. 5. With no evidence submitted, the Magistrate Judge found genuine issues of material fact as to whether a policy existed or was in force and how it operated. The Magistrate Judge recommends that the Defendants' Motion be denied as to the Defendants' request to dismiss the Plaintiff's claims for failure to exhaust his administrative remedies.

While Officer Burdette timely filed what is styled as an "Objection" to the Report and Recommendation, Officer Burdette does not challenge Magistrate Judge Parker's legal analysis, or the factual findings based on the record before the Court at the time the Report and Recommendation was issued. Instead, he states that his "'objection' to the Magistrate's Report & Recommendation [68] is only to the extent that the Court allow him to introduce new evidence pursuant to 29 U.S.C. § 636(b)(1), as the same is dispositive." [69], pg. 2. Specifically, Officer

Burdette seeks to introduce the grievance policy in place at Forrest County Jail in 2019 through the affidavit of former Sheriff Billy McGee. Rather than submitting the inmate grievance policy with their Motion for Summary Judgment, Officer Burdette acknowledges that the Defendants' instead relied on other cases to demonstrate that Forrest County Jail had an inmate grievance policy in place during the Plaintiff's incarceration. [69], pg. 3. By way of explanation, Officer Burdette submits that Charlie Sims became the Sheriff of Forrest County following Billy McGee, which caused difficulty in verifying policies that were in place in 2019.

"In this circuit, when objecting to a magistrate judge's report and recommendation on summary judgment, litigants may submit additional evidence for the district court's *de novo* review." *Davis v. Fernandez*, 798 F.3d 290, 292 (5th Cir. 2015). The Fifth Circuit has explained, however, that the district court is not required to accept the new evidence. *Freeman v. Bexar County*, 142 F.3d 848, 852–53 (5th Cir. 1998). Indeed, the Fifth Circuit has emphasized "the district court's obligation to review *de novo* the actual evidence on objected-to findings," and has clarified that "the district should not be compelled to ignore that the parties had a full and fair opportunity to present their best evidence to the magistrate judge." *Freeman*, 142 F.3d at 852. In other words, litigants may not "use the magistrate judge as a mere sounding-board for the sufficiency of the evidence." *Id.*

Officer Burdette now seeks to introduce the grievance policy for the Court's *de novo* review, over ten months after the filing of the pending Motion for Summary Judgment and without any additional argument or legal analysis to support the position that the Plaintiff failed to exhaust his administrative remedies. This Court has broad discretion to determine whether, in light of all pertinent circumstances, the new evidence should be accepted. *Davis*, 798 F.3d at 792 (citing

*Performance Autoplex II Ltd. v. Mid–Continent Cas. Co.*, 322 F.3d 847, 862 (5th Cir. 2003) (per

curiam) (applying *Freeman*)). Upon review, the Court finds that the Defendants could have offered

the 2019 grievance policy prior to the issuance of the Report and Recommendation. Given that this

issue may be dispositive, and the Plaintiff has not had the opportunity to respond, the Court

declines to consider the additional evidence at this stage in the proceedings. Officer Burdette's

Objection [69] is overruled. In light of the new evidence, however, Officer Burdette is granted leave

to file a second motion for summary judgment out of time.

### B. The Plaintiff's Objections

The Plaintiff filed a document [72] which the Court will liberally construe as objections to

the Report and Recommendation. *See United States v. Cardenas*, 13 F.4th 380, 384 (5th Cir. 2021)

(quoting *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) ("When reviewing a *pro se*

litigant's filings '[i]t is the substance of the relief sought by . . . [the] pleading, not the label that the

petitioner attached to it, that determined the true nature and operative effect of [the] habeas

filing.'")); s*ee also Robinson v. Mississippi*, No. 4:17-cv-145-DMB, 2019 WL 1307734, at *1 (N.D.

Miss. Mar. 22, 2019) (construing document received from petitioner as an objection to the report

and recommendation); *see also Felts v. Vasquez*, No. 1:13-cv-420-MAC, 2014 WL 174347, at *1 n.1

(E.D. Tex. Jan. 9, 2014) (liberally construing document received from petitioner as an objection to

the report and recommendation). Although the Plaintiff's objections do not specifically identify

the findings within the Report and Recommendation to which he objects, because he is proceeding

*pro se* his pleadings are "'held to less stringent standards than formal pleadings drafted by lawyers,'

and are liberally construed by the court." *Scott v. Crockett Independent School District*, No. 9:19-cv-

142-RC, 2017 WL 1079549, at *1 (E.D. Tex. Mar. 22, 2017) (quoting *Haines v. Kerner*, 404 U.S.

519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)). The Court liberally construes the Plaintiff's arguments within [72] as objections to the findings within the Report and Recommendation concerning the law library, food substitutions, and deprivation of water claims. Upon review of the Plaintiff's objections, the Court adopts the Report and Recommendation in part and denies in part, in light of additional facts offered by the Plaintiff.

### 1. Law Library

At the *Spears* hearing on April 1, 2021, the Plaintiff alleged that the law library at the jail had outdated materials and did not have the Mississippi Rules of Criminal Procedure. Although the Plaintiff claimed that he dismissed his criminal defense counsel and did not know the proper format for the filings in his criminal case, he did not identify any detriment suffered as a result of the allegedly deficient law library. The Report and Recommendation found that the Plaintiff's allegations implicate his right to access to the courts. Because he failed to identify any detriment suffered as a result of the allegedly deficient law library, however, the Magistrate Judge found that he failed to show that he suffered any actual prejudice. Accordingly, the Report and Recommendation found that the Plaintiff's claim based on the denial of access to the courts should be dismissed.

For the first time within his objections [72], the Plaintiff identifies the detriments he claims to have suffered due to the allegedly deficient law library: 1) "my right to a preliminary hearing was hindered;" 2) "charging affidavit was to be produced at the initial appearance [but] never done;" 3) "several motions were filed but ignored by the courts;" 4) "inadequate law library kept me blind to the fact of my rights and the rules of criminal proceedings;" and 5) the inadequate law library "resulted in a 4 year imprisonment enhancement I was attributed due to these pending charges. If

criminal proceedings[s] were commenced I could have proven my actual innocence and rebutted the enhancement I received in federal court on October 19, 2021." [72], pgs. 1-2.

Although inmates have a right of access to the courts, there is no "freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996).  To state a claim for denial of access to the courts, a plaintiff must—at a minimum—show actual prejudice or detriment, such as the late filing of a court document or the dismissal of a non-frivolous claim, resulting from the inadequate law library. *Pilgrim v. Littlefield*, 92 F.3d 414, 415-16 (6th Cir. 1996) (citing *Lewis*, 518 U.S. at 351); *see also Howland v. Kilquist*, 833 F.2d 639, 643 (7th Cir. 1987). Here, however, the Plaintiff has made no such showing, and instead, has offered mere conclusory allegations of prejudice that lack any evidentiary or legal support. *See Hopkins v. Ogg*, 783 F. App'x 350, 354 (5th Cir. 2019) (finding plaintiff alleged insufficient facts to state a viable access to the courts claim); *see also Monroe v. Scott*, 156 F.3d 183 (5th Cir. 1998) (finding that conclusory allegations are insufficient to raise genuine issues of material fact as to plaintiff's access to court's claim). Without more, the Plaintiff fails to make the kind of concrete, specific "litigation-related detriment" which typically satisfies the prejudice component of an access to courts claim. *Lewis*, 518 U.S. at 351 (finding that a conclusory allegation of prejudice, along with an exhibit showing that the state court denied two motions filed by the inmate were insufficient to state a claim of prejudice). The Plaintiff's objections are therefore overruled. The proposed finding within the Report and Recommendation that the Plaintiff's claims against Forrest County relating to the law library be dismissed is therefore adopted as the opinion of this Court.

### 2. Food Substitutions

The Plaintiff asserts that he does not consume pork because he is Muslim and does not consume dairy products because he is lactose intolerant. At the *Spears* hearing, the Plaintiff stated that while he was normally provided substitute food items to account for his dietary restrictions, if he happened to receive pork or dairy products, he would send the items back and they would be replaced. The Plaintiff alleged that a single unnamed officer, however, refused to substitute food items. Since the officer is unnamed, this claim is asserted against Forrest County based on a theory of *respondeat superior*. The Report and Recommendation found that the Plaintiff did not meet the requirements for liability under *Monell v. Department of Social Services of City of New York* as he failed to demonstrate any official policy or custom was the "moving force" behind the officer's actions. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

The Plaintiff does not object to the finding that he failed to satisfy the *Monell* requirements or the recommendation that his claims against Forrest County relating to the failure to substitute food items be dismissed. Instead, the Plaintiff asserts that his objection "falls under the constitution, protected by freedom of religion." [72], pg. 3. He further argues that "failure to substitute is an infringement on that right to practice religion freely and is upheld by prison and federal policy." *Id.* The Plaintiff's objection, however, merely reurges the allegations presented in his Petition, and clarified at the *Spears* hearing. Because his objection does not relate to a specific finding within the Report and Recommendation, the Court finds that his objection does not merit a *de novo* review. *See Hinton v. Pike Cnty.*, No. 5:16-cv-14-KS, 2018 WL 3142942, at *1 (S.D. Miss. Jun. 27, 2018) (citing *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993) (finding "no factual objection is raised when a petitioner merely reurges arguments contained in the original

petition.")). The Plaintiff's objection is therefore overruled. Having reviewed the Report and Recommendation for clear error, and finding none, the Court is satisfied that the Magistrate Judge has undertaken an extensive examination of this issue and has entered a thorough opinion. Even if the Court conducted a *de novo* review, however, the Plaintiff's objection would still be overruled because the Plaintiff has not identified an official policy or custom that was the moving force behind an alleged deprivation of Plaintiff's constitutional rights. Accordingly, the proposed finding within the Report and Recommendation that the Plaintiff's claims against Forrest County relating to food substitutions be dismissed is therefore adopted as the opinion of this Court.

### 3. Conditions of Confinement – Deprivation of Water

During the *Spears* hearing, the Plaintiff alleged that he was deprived of running water in his cell for four days. He claimed that he could not take medication, was dehydrated and fatigued during those four days, and could not clean his cell. Although the Plaintiff asserted that he was without running water for four days, the Report and Recommendation specifically noted that the Plaintiff did not allege that he was deprived of water during meals. The Report and Recommendation found that because he did not allege that he was completely deprived of water, his allegation did not rise to the level of a constitutional violation.

In his objection,[3] the Plaintiff asserts "that for about 4 to 7 days I was without water except [one] occasion I was given a cup of water to take meds." [72], pg. 3. According to the Plaintiff, "hospital records can prove plaintiff was escorted by ambulance to [sic] weak to walk, suffering from severe dehydration, low sugar levels[.]" *Id*. at pg. 4. He further claims that he "was without

---

[3] The Plaintiff signed his objections and declared under penalty of perjury that the testimony was true and correct. Accordingly, although his testimony within his objections is unsworn, it can be competent summary judgment evidence. *Davis v. Fernandez*, 798 F.3d 290, 292 (5th Cir. 2015) (citing 28 U.S.C. § 1746).

water as a punishment" and that the "officials are aware that food and water are essential for the preservation of life and knew the substantial risks that serious harm existed." *Id.* at pp. 3-4.

Despite raising these facts for the first time in his objections to the Report and Recommendation, the Court considers the Plaintiff's additional facts in conducting its *de novo* review.[4] *See Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015) (citing *Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004) ("[G]iven the circumstances under which this evidence was offered—a pro se plaintiff, ignorant of the law, offering crucial facts as soon as he understood what was necessary to prevent summary judgment against him—it would have been an abuse of discretion for the district court not to consider the evidence.")); *Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002); *Johnson v. Gonzalez*, 520 F. App'x 573, 574 (9th Cir. 2013). In so doing, the Court finds that the record contains insufficient facts to warrant summary judgment on the Plaintiff's deprivation of water claim at this time. Indeed, despite filing Replies [75], [76] to the Plaintiff's objections, the Defendants do not address the Plaintiff's factual allegations regarding the deprivation of water. For example, the Defendants do not provide any evidence that the Plaintiff received something to drink with his meals, or otherwise dispute the Plaintiff's claim that he was without water for four days, apart from receiving one cup of water to take medication. In light of the additional facts provided by the Plaintiff, the proposed finding within the Report and Recommendation that the Plaintiff's claims against Forrest County relating to deprivation of water be dismissed is denied. This issue is referred to the Magistrate Judge for further proceedings.

---

[4] While the Defendants had the opportunity to respond to the Plaintiff's additional facts in their Replies [75], [76], the Defendants did not acknowledge or address them.

**C. The Plaintiff's Motion to Strike**

The Defendants filed a Motion for Summary Judgment requesting that the Court dismiss the Plaintiff's claims for failure to exhaust his administrative remedies. The Report and Recommendation found that the Defendants' Motion for Summary Judgment should be denied as to this issue because the Defendants failed to submit a copy of the jail's grievance policy, or an affidavit setting forth the procedure. With no evidence submitted, the Magistrate Judge found that there are genuine issues of material facts as to whether a policy existed or was in force and how it operated. In response to this proposed finding within the Report and Recommendation, Officer Burdette sought to introduce the grievance policy in place at Forrest County Jail in 2019 through the affidavit of former Sheriff Billy McGee. As discussed above, the Court denies this request. Because the Court adopts the proposed finding within the Report and Recommendation and denies the Defendants' Motion for Summary Judgment based on the Plaintiff's failure to exhaust, the Plaintiff's Motion to Strike [73] Billy McGee's affidavit is moot.

**D. The Defendants' Motion to Strike**

The Defendants move to strike the Plaintiff's Reply [77] in support of his objections. The Plaintiff's Reply, however, does not contain any additional facts or evidence that would change the outcome of this case under the law. The Court denies as moot the Defendants' Motion to Strike the Plaintiff's Reply [77], as it is unnecessary for the resolution of this case.

## IV. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Report and Recommendation [68] entered by United States Magistrate Judge Michael T. Parker on December 30, 2021, is ADOPTED IN PART and DENIED IN PART, in light of additional facts offered by

the Plaintiff. Officer Burdette's Objection [69] is overruled. The Plaintiff's objections [72] are sustained in part and overruled in part.

IT IS FURTHER ORDERED AND ADJUDGED that the Defendants' Motion for Summary Judgment [22] is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff's verbal abuse claim against Justin Graham is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff's claims against Forrest County, Mississippi, including those pertaining to substitution of food, access to the courts, recreation, and deprivation of a sleeping mat, are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff's deprivation of water claim against Forrest County, Mississippi, will remain.

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff's excessive force claims against Officer William Burdette will remain.

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff's motion to strike [73] is MOOT.

IT IS FURTHER ORDERED AND ADJUDGED that the Defendants' Motion to Strike [79] is DENIED as moot.

IT IS FURTHER ORDERED AND ADJUDGED that this matter is referred to the Magistrate Judge for further proceedings consistent with this Order.

THIS, the 22nd day of March, 2022.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE