IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**GEORGIO RODRIQUEZ SCOTT**                                                   **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 2:19-cv-123-TBM-MTP**

**BILLY McGEE, ET AL.**                                                  **DEFENDANTS**

### REPORT AND RECOMMENDATIONS

THIS MATTER is before the Court on Defendant William Burdette's Second Motion for Summary Judgment [83]. Having considered the parties' submissions, the record, and the applicable law, the undersigned recommends that the Motion [83] be granted.

### BACKGROUND

On August 26, 2019, Plaintiff Georgio Rodriquez Scott, proceeding *pro se* and *in forma pauperis*, filed his complaint pursuant to 42 U.S.C. § 1983. Plaintiff's claims arose from his detention at the Forrest County Jail. In his complaint and as clarified by his testimony at the *Spears* hearing,[1] Plaintiff asserted excessive force claims against Officer William Burdette, verbal abuse claims against Officer Justin Graham, and claims against Forrest County concerning his meals, conditions of confinement, and access to the courts.

On July 1, 2021, Defendants filed a Motion for Summary Judgment [64], arguing that Plaintiff failed to exhaust his administrative remedies for his excessive force and verbal abuse claims, that the individual defendants are entitled to qualified immunity, and that Plaintiff cannot establish liability against Forrest County. On December 30, 2021, the undersigned entered a Report and Recommendation [68] recommending that the Motion for Summary Judgment [64]

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Flores v. Livingston*, 405 Fed. App'x 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the complaint).

1

be granted in part and denied in part. On March 22, 2022, the Court entered an Opinion and Order [80] adopting in part and denying in part the Report and Recommendation [68], in light of additional facts offered by Plaintiff in response to the Report and Recommendation [68].

Following the Court's Opinion and Order [84], two claims remain: Plaintiff's excessive force claim against Burdette and his deprivation-of-water claim against Forrest County. Concerning the excessive force claim, Plaintiff alleges that on July 7, 2019, after arguing with an unnamed officer about the meal he was provided, Plaintiff was ordered to return to his cell. He refused because he wanted to complain to the sergeant. Upon his refusal to willingly return to his cell, Plaintiff alleges that one officer placed him in a headlock while three others restrained him. Once he was restrained, however, Plaintiff claims that Burdette punched him in the face multiple times, resulting in black eyes and a scratch behind his ear.

As previously mentioned, Defendants argued in the Motion for Summary Judgment [64] that Plaintiff failed to exhaust his administrative remedies for his excessive force claim. Defendants, however, did not submit a copy of the Forrest County Jail's grievance policy, or an affidavit setting forth the procedure, along with the Motion for Summary Judgment [64]. Thus, in the Report and Recommendation [68], the undersigned recommended that the Motion for Summary Judgment [64] be denied as to the request to dismiss Plaintiff's excessive force claim for failure to exhaust. Following entry of the Report and Recommendation [68], Burdette sought to introduce the grievance policy in place at the jail through an affidavit of the former sheriff. The Court declined to consider the additional evidence before entering its Opinion and Order [80], but granted Burdette leave to file a second motion for summary judgment out of time. *See* Opinion and Order [80]. On April 13, 2022, Burdette filed his Second Motion for Summary

Judgment [83] again arguing that Plaintiff failed to exhaust his administrative remedies for his excessive force claim.  Plaintiff filed his Response [85] on May 9, 2022.

## ANALYSIS

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The Court must "view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010).  Further, "[f]or a defendant to obtain summary judgment on an affirmative defense, it must establish beyond dispute all of the defense's essential elements." *Bank of Louisiana v. Aetna U.S. Healthcare Inc.*, 468 f.3d 237, 241 (5th Cir. 2006).

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983.  "Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).  The United States Court of Appeals for the Fifth Circuit held that "[s]ince exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id*. at 272.  Because exhaustion is an affirmative defense, Defendant bears the burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. *Id*. at 266.

The Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement. *Johnson v. Ford*, 261 Fed. Appx. 752, 755 (5th Cir. 2008) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)).  A prisoner cannot satisfy the exhaustion requirement "by filing an

3

untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

In support of his Motion [83], Burdette submitted an affidavit from Billy McGee, the former sheriff of Forrest County, stating that during Plaintiff's incarceration, there was an administrative remedies program at the jail. *See* McGee Affidavit [83-1].[2] Burdette also submitted a copy of the jail's inmate handbook, which sets forth the following grievance policy:

> 1. The grievance must be made in writing. It must be printed in black or blue ink.
> 2. The grievance must contain the following information:
>    - Name of inmate
>    - Inmates social security number
>    - Inmate cellblock
>    - Date of grievance
>    - Exact description of complaint
>    - Relief/Resolution desired by inmate
> 3. Inmate must sign grievance.
> 4. Grievance is to be submitted to the shift supervisor on duty.
> 5. You will be given notice of a hearing with the Sheriff or Chief of Corrections presiding. If relief or resolution is possible without a hearing, then no hearing will be scheduled.
> 6. All decisions of the grievance hearing will be final.
> 7. No group grievance/petitions will be accepted. Only individual inmate grievances will be reviewed.

*See* Inmate Handbook [83-1] at 14.

---

[2] Plaintiff complains that McGee's affidavit constitutes hearsay, but Fed. R. Civ. P. 56(c) specifically allows a party to use "affidavits or declarations" to support its motion for summary judgment. Rule 56(c)(4) provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." McGee's affidavit meets these requirements.

Burdette submitted Plaintiff's entire jail file and points out that Plaintiff filed several grievances during his incarceration at the jail, but none of the grievances concern Burdette's alleged use of excessive force. Burdette specifically references the grievances filed between the date of the alleged use of force—July 7, 2019—and the date Plaintiff filed this action—August 26, 2019.[3] None of these grievances concern Plaintiff's allegations against Burdette. Plaintiff also submitted more than a dozen of his grievances along with his Response [85], but like those submitted by Burdette, the grievances do not concern Plaintiff's allegations against Burdette or the excessive force claim at issue.

In his Response [85], Plaintiff does not assert that he properly exhausted his administrative remedies, but asserts the following: "There is no factual evidence to prove I was ever given a copy of [the inmate handbook] and without a handbook being provided to an individual, one is not made aware of the ARP procedure [and] therefore unable to follow such procedure." *See* [85] at 1. The record, however, belies Plaintiff's assertions. The record clearly demonstrates that there was an administrative remedies program at the jail and Plaintiff was well aware of the grievance process. Plaintiff utilized the process on numerous occasions prior to and after July 7, 2019, and the grievances show that the process was available to him. *See* [83-5]; *see also Garcia v. Hinojosa*, 2019 WL 2289584, at *4 (S.D. Tex. Feb. 4. 2019); *McGraw v. Mejia*, 2015 WL 614408, at *6 (N.D. Tex. Feb. 12, 2015); *Hanna v. Bossier Par. Corr. Ctr.*, 2014 WL 2807647, at *4 (W.D. La. June 20, 2014).

In his Response [85], Plaintiff also complains that he was not satisfied with the jail officials' responses to his grievances. Plaintiff specifically complains that officials did not

---

[3] The date Plaintiff filed this action is important to the exhaustion analysis because the grievance process must be completed *prior* to filing suit in federal court. *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

conduct hearings concerning his grievances.[4] Notwithstanding Plaintiff's dissatisfaction with the grievance process, exhaustion is mandatory. *See Woodford*, 548 U.S. at 90-92 ("exhaustion requirements are designed to deal with parties who do not want to exhaust").[5]

Plaintiff also states that "no one can affirm whether or not these documents existed or didn't as complaints go into [the] hands of the accused." *See* [85] at 3. To the extent Plaintiff is arguing that Burdette failed meet his burden of proof at the summary judgment stage, the record demonstrates otherwise. Burdette submitted Plaintiff's jail file, and absence for the jail file is a grievance concerning the excessive force claim at issue. This satisfies Burdette's initial summary judgment burden. *See Shockley v. University of TX Med. Branch*, 2009 WL 602568, at *4(N.D. Tex. Mar. 9, 2009) ("By pointing the Court to the absence of such grievance, Defendants met their initial summary judgment burden to show there is no genuine issue of material fact that Plaintiff failed to exhaust his administrative remedies."). Plaintiff has failed to come forward with any evidence showing that there is a genuine issue for trial. "At this juncture, the Court does not, 'in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts.'" *Bennett v. Wayne Cnty., Miss.*, 2013 WL 1420895, at *2 (S.D. Miss. Apr. 8, 2013) (quoting *Little v. Liquid Air Corp*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

---

[4] The grievance policy states: "You will be given notice of a hearing with the Sheriff or Chief of Corrections presiding. If relief or resolution is possible without a hearing, then no hearing will be scheduled." *See* Inmate Handbook [83-1] at 14.

[5] Exceptions to the exhaustion requirement are only appropriate where the administrative remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be patently futile. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The Fifth Circuit has taken the position that exceptions to the exhaustion requirement only apply in "extraordinary circumstances," and that the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. *Id.* Plaintiff has not made such a showing.

Pre-filing exhaustion is mandatory, and "[d]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing this complaint." *Gonzalez*, 702 F.3d at 788. The record, including the evidence submitted by Plaintiff, establishes that Plaintiff failed to exhaust his administrative remedies concerning his claim against Burdette, and thus, he may not proceed with this claim.[6]

## RECOMMENDATIONS

For the foregoing reasons, the undersigned recommends that:

1. Defendant William Burdette's Second Motion for Summary Judgment [83] be GRANTED;

2. Plaintiff's claim against William Burdette be DISMISSED without prejudice; and

3. This action continue as to Plaintiff's deprivation-of-water claim against Forrest County.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject, or modify in whole or in part the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual

---

[6] In his Motion [84], Burdette also requests that the Court dismiss Plaintiff's deprivation-of-water claim against Burdette. Plaintiff, however, has not asserted this claim against Burdette. This claim is against Forrest County only. *See* Opinion and Order [80]; Order [48]; Response [85] at 7.

findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

      This the 16th day of May, 2022.

s/ Michael T. Parker  
United States Magistrate Judge
